LINDA BAILEY aka LINDA HARRELL, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 15301

January 3, 1985                                    692 P.2d 1293

*Barbara Byrne,* Public Defender, Elko County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *James Wilson,* District Attorney, and *John S. McGimsey,* Deputy District Attorney, Elko, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction of grand larceny. For the reasons expressed below, we reverse.

Appellant was charged with the theft of a diamond ring from a jewelry store in Elko, Nevada. Appellant had been seen in the jewelry store at about the time the ring was stolen, but there were no witnesses to the actual theft. The prosecution attempted to prove that the day after the ring was stolen in Elko, appellant took the ring to a jewelry store in Las Vegas, Nevada, for an appraisal. The evidence at trial was conflicting, however, on the question of whether the ring taken to the Las Vegas store was the same ring which had been stolen from the Elko store.

After closing argument, the district court sent the jury to deliberate with several exhibits, including Exhibit 8, although that exhibit had neither been offered nor admitted into evidence. Exhibit 8 was a written appraisal from the Las Vegas store; the exhibit contained a description of the ring taken by appellant to the Las Vegas store.

Appellant contends that the district court committed prejudicial error by allowing the jury to consider Exhibit 8.[1] We agree. It is fundamental that a jury may only consider exhibits received as evidence in the case. *See* NRS 175.441(1).

The state essentially concedes that error occurred, but the state argues that the error was harmless. As mentioned above, the evidence was conflicting in regard to the description of the ring taken to the Las Vegas store. Furthermore, the other evidence at trial cannot be considered overwhelming. Thus, Exhibit 8 may well have influenced the jury in its finding of guilt. Accordingly, we hold that the error was not harmless, and we reverse and remand for a new trial.

In light of our conclusion above, other contentions raised by appellant need not be addressed at this time.

Reversed and remanded.

---

[1]The parties agree that Exhibit 8 was in fact delivered to the jury room. It appears that the mistake was completely inadvertent.